MURPHY, Circuit Judge,
dissenting.
The record indicates that Mexican authorities may be “unwilling and unable to control” the Matazetas gang. See Menji-var v. Gonzales, 416 F.3d 918, 921 (8th Cir.2005) (asylum applicant must show government unwilling or unable to control nongovernmental persecutors). Although one online news article reported that the Mexican government had deployed police and troops to Veracruz to combat violence by the Matazetas, the same article stated that a one month reduced murder rate in 2012 may have been a mere “blip” since “it’s not uncommon for a couple of relative calm months to interrupt an area’s ongoing descent.” The record also includes petitioner Israel’s testimony before the immigration judge that while he and his family were hiding in Xalapa,- a city about 100 kilometers from their home in Veracruz, a Mexican government employee had advised his father that petitioners should “get out of there immediately” because they were “under a big risk.”
This record does not demonstrate that internal relocation in Mexico presents a “reasonable” alternative for petitioners. See Hagi-Salad v. Ashcroft, 359 F.3d 1044, 1047-49 (8th Cir.2004) (explaining that relocation must be reasonable under 8 C.F.R. § 208.13(b)(3)). There is evidence here that a Mexican official advised petitioners to leave the country for their safety. The immigration judge also found Israel’s testimony credible that the only reason his brother in law had not suffered harm in Mexico was “because he is kind of in hiding.” If petitioners were to attempt to relocate in Mexico, they may have to *979 hide to avoid persecution like the .brother in law experienced. See N.L.A. v. Holder, 744 F.3d 425, 442 (7th Cir.2014)(petitioner could not safely relocate since the reason her sister remained safe in Colombia was because she lived in hiding, and “[i]t is an error of law to assume that an applicant cannot be entitled to asylum if she has demonstrated the ability to escape persecution ... by trying to remain undetected”); Essohou v. Gonzales, 471 F.3d 518, 522 (4th Cir.2006)(time spent hiding in a village did not ’support the board’s finding that the applicant could reasonably relocate internally in Congo).
For these reasons I dissent. The petition for review should be granted and the petitioners’ asylum claim should be remanded for full consideration.